**FILED**

**NOT FOR PUBLICATION**

**OCT 25 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10655 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-05-00028-JMS |
| v. | |
| WARREN PERREIRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted October 17, 2006[**]
San Francisco, California

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

Warren Perreira appeals the district court's denial of his Motion to Suppress Evidence and his Motion to Dismiss Count One. Perreira argues (1) the search warrant issued was not supported by probable cause; (2) the warrant lacked

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

sufficient particularity; (3) the police improperly executed the warrant; and (4) 18 U.S.C. § 922(g)(1) violates the Commerce Clause. We affirm.

The issuing judge did not clearly err in concluding probable cause existed to issue the search warrant because the informant's information was adequately corroborated. United States v. Bishop, 264 F.3d 919, 924-26 (9th Cir. 2001). The search warrant issued in this case was sufficiently particular. United States v. Clark, 31 F.3d 831, 836 (9th Cir. 1994); United States v. Alexander, 761 F.2d 1294, 1301-02 (9th Cir. 1985). Perreira waived his right to make an illegal execution claim by not including it in his Motion to Suppress, and failing to amend his pleading as requested by the district court. United States v. Wright, 215 F.3d 1020, 1026 (9th Cir. 2000); United States v. Murillo, 288 F.3d 1126, 1135 (9th Cir. 2002). Finally, Perreira's Commerce Clause argument fails because there was a sufficient showing the gun traveled in a stream of interstate commerce. United States v. Rousseau, 257 F.3d 925 (9th Cir. 2001); United States v. Hanna, 55 F.3d 1456 (9th Cir. 1995).

**AFFIRMED**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
NOV 14 2006
by: [signature]
Deputy Clerk